UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

PAVEL SOLOVEV

    Plaintiff,

vs.

TRAVELWORKS, INC.,
DENIS SMORCHKOV,
and STUDYGRI, INC.

    Defendant.
_____/

**AMENDED COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, PAVEL SOLOVEV ("SOLOVEV") sues Defendants, DENIS SMORCHKOV, d/b/a TRAVELWORKS, INC., ("SMORCHKOV"), TRAVEWORKS, INC, and STUDYGRI, INC and upon facts, information, and belief, states as follows:

**PARTIES**

1. PAVEL SOLOVEV is an individual, otherwise sui juris, who is a citizen and resident of Canada.

2. TRAVELWORKS, INC. was a Florida, for profit corporation with a Document Number of P19000036320 that was active from 2019 to 2022. TRAVELWORKS, INC. maintained a principal place of business at 444 NE 7TH STR. SUITE 718 FORT LAUDERDALE, FL 33304

1

3. STUDYGRI, INC. is a Florida for-profit corporation that was started in 2023. It has a Document Number of P23000014569, and maintains a principal place of business of 444 NE 7TH STR. SUITE 718 FORT LAUDERDALE, FL 33304.

4. Denis Smorchkov is an individual who is a citizen and resident of the State of Florida, and is otherwise sui juris.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S. Code § 1332. The claim is well over the $75,000.01 threshold. Moreover, All Defendants are citizens of Florida, while Plaintiff is a Canadian national.

6. Under 28 U.S. Code § 1391, venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida.

## FACTS AND ALLEGATIONS

7. TRAVELWORKS, INC. is a company that, among other things, helped foreign students gain access to American universities as "exchange students."

8. Plaintiff, in an effort to get his daughter, Kristina Solovyoff, hired TRAVELWORKS, INC. to get his daughter in Nova Southeastern University, or another University in the United States of America as a student.

9. Plaintiff also did the same for an indiivudal named Daniil Lapshin, who was the daughter's boyfriend.

10. In furtherance of this, Plaintiff and Travelworks, Inc. signed a retainer agreement in Russian. See exhibit "A."

11. The contract total that Plaintiff had to pay was $9,320 USD, which Plaintiff paid.

12. TravelWorks, after receiving the $9,320.00 USD, sent Plaintiff another invoice for $78,004.00 USD, which would account for various items such as a "Computer Science BS," "Bachelor of Arts in Dance," "Transit Forms," etc. See Exhibit. "B"

13. Plaintiff paid the $78,004.00 USD. See Exhibit "C."

14. All of these costs and expenses were done twice, once for Kristina Solovyoff and once for Daniil Lapshin.

15. Shortly thereafter, on September 21, 2022, Plaintiff received an acceptance letter from Dr. Anthony DeNapoli, Dean of Undergraduate Admissions and International Affairs. See Exhibit "D and E." The letters accepted both Daniil Lapshiin and Kristina Solovyoff.

16. However, after further examination, those letters were fake. Neither Daniil Lapshiin or Kristina Solovyoff were accepted to Nova Southeastern University, nor had any application been made on their behalf.

17. Likewise, none of the transit forms or other services that TravelWorks, Inc. claimed they would perform were actually done.

18. Essentially, because of the fraud committed by Defendants, Plaintiff lost a total of: $174,648.00

## COUNT I – FRAUDULENT INDUCEMENT AGAINST TRAVELWORKS

19. Plaintiff re-alleges paragraphs 1-18 and states further:

20. Plaintiff relied on the false statement that Defendant could get Plaintiff's daughter and daughter's boyfriend into Nova Southeastern University.

21. In turn, Plaintiff signed a retainer agreement on August 22, 2022.

22. Likewise, Plaintiff materially relied on Defendant's representations and remitted funds to Defendant after Defendant submitted an invoice for $78,004.00 USD per student in furtherance of the contract.

23. Plaintiff also remitted the $9,320.00 USD as consideration for the contract.

24. Defendant knew, or should have known, that he could not guarantee that the Plaintiff's naughtier and daughter's boyfriend could not get into Nova Southeastern University.

25. Defendant intended to lie and induce Plaintiff into signing the agreement and procuring money, knowing that it had no intention of even making the required application to Nova Southeastern University.

26. Further proof of this deceit was the fact that Defendant forged the signature of Dr. Anthony DeNapoli, Dean of Undergraduate Admissions and International Affairs

27. Defendant likely knew, or should have known, that this document and the signature was a fake.

**WHEREFORE**, Plaintiff seeks actual damages, constructive damages, costs, pre-judgment interest, post judgment interest, and attorney's fees.

## COUNT II – FRAUD AGAINST DENIS SMORCHKOV

28. Plaintiff re-alleges paragraphs 1-18 and states further:

29. Specifically, Plaintiff is not attempting to pierce the Corporate Veil. Instead, Plaintiff pleads a direct fraud perpetrated by Defendant against Plaintiff.

30. The law is clear that where there is direct participation or an intentional tort by an officer, piercing the corporate veil does not need to be alleged, nor do the elements of

piercing the corporate veil need to be satisfied. *Rollins, Inc. v. Heller*, 454 So. 2d 580, 582 (Fla. 3d DCA 1984).

31. For example, in *Lloyd v. DeFerrari*, 314 So.2d 224 (Fla. 3d DCA 1975), the court upheld a judgment for punitive damages against the sole stockholder of a corporation who had acted for the corporation in fraudulently selling a boat with the knowledge that it was previously stolen.

32. In this case, DENIS SMORCHKOV acted fraudulently against Plaintiff.

33. Plaintiff relied on the false statement that Defendant could get Plaintiff's daughter and daughter's boyfriend into Nova Southeastern University.

34. In turn, Plaintiff signed a retainer agreement on August 22, 2022

35. Likewise, Plaintiff materially relied on Defendant's representations and remitted funds to Defendant after Defendant submitted an invoice for $78,004.00 USD per student in furtherance of the contract.

36. Plaintiff also remitted the $9,320.00 USD as consideration for the contract.

37. Defendant knew, or should have known, that he could not guarantee that the Plaintiff's naughtier and daughter's boyfriend could not get into Nova Southeastern University.

38. Defendant intended to lie and induce Plaintiff into signing the agreement and procuring money, knowing that it had no intention of even making the required application to Nova Southeastern University.

39. Further proof of this deceit was the fact that Defendant forged the signature of Dr. Anthony DeNapoli, Dean of Undergraduate Admissions and International Affairs

40. Defendant likely knew, or should have known, that this document and the signature was a fake.

**WHEREFORE**, Plaintiff seeks actual damages, constructive damages, costs, pre-judgment interest, post judgment interest, and attorney's fees.

### COUNT III – SUCCESSOR ENTITY LIABILITY AGAINST STUDY GRI, INC.

41. Plaintiff re-alleges paragraphs 1-18 and states further:

42. The liability of a successor corporation for the conduct of a predecessor was set out in Bernard v. Kee Manufacturing Co., 409 So. 2d 1047 (Fla. 1982), in which the Florida Supreme Court held that there is no liability unless:   (1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor.

43. In this case, although there is likely no express or implied assumption of obligation, the transaction is a de facto merger because the successor is a mere continuation of the predecessor.

44. STUDYGRI INC. filed with the Secretary of State on 02/16/2023 , while TRAVELWORKS, INC ceased to exist in 2023 for failure to file an annual report. Both entities maintain the same Mailing address, principal address, and registered agent.

45. Likewise, STUDYGRI INC markets itself as
    a. "StudyGRI is an online agency that helps students from the Commonwealth of Independent States (CIS) and African countries to study abroad all around the world." See https://www.expatrio.com/agent/studyGRI

46. This is the same kind of work that Travelworks, INC. performed.

47. As such, it is claimed and shown that TRAVELWORKS, INC either de facto merged with STUDYGRI INC.. Alternatively, it is clear based on the same location and work performed, STUDYGRI INC is a mere continuation of TRAVELWORKS, INC

48. Notwithstanding the above, and plead alternatively, STUDYGRI INC was created solely to avoid liability of the fraudulent acts of TRAVELWORKS, INC and its directors.

**WHEREFORE**, Plaintiff seeks judgment in its favor against STUDYGRI, INC. as the successor entity and impose on it actual damages, constructive damages, costs, pre-judgment interest, post judgment interest, and attorney's fees


Date: November 20, 2023

> Law Offices of Andre G. Raikhelson, LLC.
> *Counsel for Plaintiff*
> 7000 W Palmetto Park Road, Suite 1240
> Boca Raton, Florida 33431
> Telephone:     (954) 895-5566
> Primary Email: arlaw@raikhelsonlaw.com
> Secondary email: andre@yourpainlawyer.com
>
> /s/ Andre G. Raikhelson
> Andre G. Raikhelson, Esq.
> Bar Number: 123657